## APPROPRIATION PROCEEDING ENJOINED WHERE COURT FAILS TO FIND ON JURISDICTIONAL QUESTION.

Hamilton County, Court of Common Pleas.

### LLOYD C. SCHWALLIE V. THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

Decided, September, 1927.

*Appropriation of Property—Right to Be Strictly Construed—Certain Findings by Court Jurisdictional—Injunction Proper Remedy Where Court Fails to Adjudicate Jurisdictional Question.*

1. Grants of corporate power in derogation of common right, particularly the delegation of the power of eminent domain, are to be strictly construed.

2. In an appropriation proceeding by a railroad company, a finding by the court that "it will conduce to the interests of the company and the public, and that the property and rights of those owning real estate along the portion of the road to be affected by the change will not be unreasonably injured thereby," is jurisdictional under the provisions of Section 8754, General Code.

3. A finding that "it (the railroad company) has the legal right to make the appropriation" is not a finding on the jurisdictional question prescribed by said section of the Code.

4. Injunction is a proper remedy to arrest appropriation proceedings where the court wherein it is sought to prosecute such proceedings has not acquired jurisdiction by reason of its failure to determine the essential jurisdictional questions.

*Moulinier, Bettman & Hunt,* for the plaintiff.

*Harmon, Colston, Goldsmith & Hoadly,* for the defendant.

RYAN, J.

Heard on motion for temporary restraining order.

This is an action to enjoin the defendant from further proceeding in an action pending in the Probate Court to appropriate property for railroad purposes.

The petition alleges "that the defendant is a railroad corporation and owns and operates various lines of railroad in the State of Ohio, Indiana and Illinois; that the plaintiff is the owner of certain real estate in Section 25, E. R. 2, Twp. 3, Hamilton county, Ohio, which is described

by metes and bounds; that on or about the 4th day of May, 1927, defendant commenced an action against the plaintiff in the Probate Court of Hamilton county, Ohio, in which action it seeks to appropriate a portion of plaintiff's land:

'that the appropriation of said property and the construction of the works proposed to be constructed thereon will conduce to the interest of the plaintiff and the public, and that the property and rights of those owning real estate along the portion of the road affected by the change will not be unreasonably injured thereby'

Plaintiff further says that after hearing testimony the Probate Court found in favor of the defendant herein, as follows, to-wit:

"This cause coming on for hearing and being submitted to the court upon the evidence produced, the court finds that the defendant has been duly served with process and is properly before the court, and further finds that the plaintiff is a corporation, as averred in the petition herein, that it'has the legal right to make the appropriation prayed for in the petition and that the same is necessary, and that the plaintiff is unable to agree with the defendant as to the compensation to be paid for the property sought to be appropriated · herein, to all of which the defendant excepts.

"It is therefore ordered that an order issue to the clerk and sheriff to draw the names of sixteen men from the jury wheel, as in other ·cases, and that the clerk make due return of said names so drawn, as required by law, and that a venire issue to the sheriff of Hamilton county, Ohio, commanding him to notify the jurors so drawn to attend the office of the Probate Court of Hamilton county, Ohio, on the 21st day of September, 1927, at 10 o'clock a. m."

Plaintiff further says that although he was a party thereto, he had no opportunity to interpose with objections with reference to the allegations of defendant's petition herein set forth, particularly with reference to the allegation that the property and rights of those · owning real estate along the portion of the road affected by the change

would not be unreasonably injured thereby, for the reason that no testimony was offered in support thereof, nor did the court make any finding in respect thereto.

Plaintiff further says that notwithstanding the fact that the Probate Court has not acquired jurisdiction of the subject matter of said suit, the defendant is attempting to appropriate unlawfully the strip of property hereinbefore described, and plaintiff has been ordered and directed to submit to a jury of twelve men, to be impaneled in said Probate Court, the question of compensation to be paid for said land.

Plaintiff further says that, unless enjoined, defendant will proceed with said appropriation, which said appropriation will inflict irreparable damages to and upon plaintiff by permanently hindering, impairing and destroying the use of the said property as a farm and home thereon, and will cause plaintiff to expend large sums of money in said proceedings without recourse against defendant for such losses and for which plaintiff has no adequate remedy at law.

At the time of the filing of the petition, plaintiff filed a motion for a temporary restraining order, and it is upon this motion that the cause is submitted to this court.

The question presented is whether an injunction is the proper remedy to prevent further proceedings in the matter of the assessment of compensation, or should the assessment proceedings in the Probate Court proceed to final judgment thereby remitting the owner to an error proceeding for his remedy.

This question turns upon the further questions:

*First,* whether the Probate Court has acquired jurisdiction so that it may proceed to determine the amount of compensation to be paid for the premises sought to be appropriated; and

*Second,* whether the plaintiff being the owner of the premises sought to be appropriated has a plain, adequate and complete remedy at law.

The answer to these questions must be found in the sec-

tions of the General Code which confer the authority and
define the procedure for the appropriation of private prop-
erty by private corporations.   General Code, Section 8753,
provides:

"For the purpose of avoiding annoyance to public travel,
or dangerous or difficult curves or grades, or unsafe or
unsubstantial grounds or foundations, or when the roadbed
has been injured or destroyed, by the current of a river,
watercourse or other unavoidable or reasonable cause,
a company may change the location or grade, of any por-
tion of its road, but shall not depart from the general route
prescribed in the articles of incorporation."

And General Code, Section 8754, provides:

"For the purpose of making any such change, the com-
pany shall have all rights, powers and privileges to enter
upon and appropriate lands, and make surveys necessary
to effect it, upon the terms, and subject to the obligations,
rules, and regulations prescribed by law, except that, when
it is necessary to appropriate property for such change,
*the appropriation may be had, if the probate court,* in the
proceedings instituted therefor, finds that it will conduce
to the interests of the company and the public, and that
the property and rights of those owning real estate along
the portion of the road to be affected by the change will
not be unreasonably injured thereby."

The plaintiff contends that by virtue of General Code,
Section 8754, the defendant is without the power to ap-
propriate unless and until the Probate Court finds—

"that it will conduce to the interests of the Company and
the public, and that the property and rights of those own-
ing real estate along the portion of the road to be affected
by the change, will not be unreasonably injured thereby,"

and further that he has no adequate remedy at law in the
premises.

The defendant contends that the Probate Court has in
fact found in its favor on the jurisdictional questions
which are required to be determined in the provisions of
the General Code, Section 8754, and that the plaintiff has

an adequate remedy at law by proceedings in error after the assessment of compensation and final judgment in that court.

The entry made by the Probate Court directing that a jury be impanelled to assess the amount of compensation for the premises sought to be appropriated was made in conformity with the provisions of General Code, Section 11046, which provides:

"On the day named on a summons first served, or publication first completed, the probate judge shall hear and determine the questions of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation. Upon all these questions the burden of proof shall be upon the corporation, and any interested person shall be heard."

It is a well settled rule that grants of corporate power in derogation of common right, particularly the delegation of power of eminent domain, one of the highest attributes of sovereignty, are to be strictly construed.

Upon a consideration of the statutes and authorities, this court is of opinion that the finding of the Probate Court "that it (the Railroad Company) has the legal right to make the appropriation," is not a finding upon the jurisdictional questions prescribed by General Code, Section 8754; that the provisions of Section 8754 are jurisdictional and that until the Probate Court has found "that it will conduce to the interests of the company and the public, and that the property and rights of those owning real estate along the portion of the road to be affected by the change will not be unreasonably injured thereby," the appropriation may not be had, and that the defendant herein is without authority or power to proceed with the appropriation of the plaintiff's property, and that the plaintiff has no adequate remedy at law.

The long drawn out and expensive trial of an appropriation case would be a serious economic waste if after the verdict is reached and judgment rendered the Appellate Court were to decide that the petitioner had no right to

condemn the land in question at all, and an injunction is a proper remedy to arrest appropriation proceedings where the court wherein it is sought to prosecute such proceedings has not acquired jurisdiction by reason of its failure to determine the essential jurisdictional questions.

Wherefore, the motion of the plaintiff for a temporary restraining order will be granted.